IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LARRY D. WRIGHT, JR., | : | |
| Plaintiff, | : | |
| VS. | : | |
| UNIT MANAGER LESA SHOE, *et al.*, | : | NO. 7:11-CV-74 (HL) |
| Defendants. | : | **ORDER & RECOMMENDATION** |

Plaintiff **LARRY D. WRIGHT, JR.**, a prisoner at Valdosta State Prison ("VSP"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has paid the required initial partial filing fee of $6.00, as previously ordered by this Court. Plaintiff will be obligated to pay the unpaid balance of $344.00, as will be directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this Order to the business manager of the VSP.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not

include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard

in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff brings this action alleging deficient medical care for various gastrointestinal and mental health conditions. According to Plaintiff, the latter includes depression, anxiety, "hearing voices," "suicid[]al intentions," and paranoid schizophrenia. He names as Defendants Medical Director Al Jones, Director of Nursing Beth Fields, Unit Manager Lesa Shoe, and Dr. Cruz.

In a prior Order (Doc. 4), this Court directed Plaintiff to file his complaint using this Court's standard section 1983 form and to provide specific information about his claims of deficient medical care. The Court further directed Plaintiff to state the specific actions or omissions of each named Defendant.

## III. DISCUSSION

In ***Estelle v. Gamble***, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment." The ***Estelle*** test is two pronged: (1) the prisoner's medical needs must be serious; and (2) there must be deliberate indifference on the part of the defendants. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." ***Farrow v. West***, 320 F.3d 1235, 1243 (11th Cir. 2003). In order to establish deliberate indifference, a prisoner must show that a "defendant actually knew of 'an excessive risk to an inmate's health' and disregarded that risk." ***Campbell v. Sikes***, 169 F.3d 1353, 1364 (11th Cir. 1999) (quoting ***Farmer v. Brennan***, 511 U.S. 825, 837 (1994)). The prisoner must

3

show some purposeful or intentional denial of necessary medical treatment, or at least that the treatment given was so grossly incompetent as to shock the conscience. ***Mandel v. Doe***, 888 F.2d 783 (11th Cir. 1989); ***Washington v. Dugger***, 860 F.2d 1018 (11th Cir. 1988). The mere allegation of improper or untimely treatment, without more, states at most a claim for medical malpractice cognizable under state law. ***Id; see also Howell v. Evans***, 922 F.2d 712 (11th Cir.), ***vacated as moot***, 931 F.2d 711 (1991), ***reinstated by unpublished order, sub. nom Howell v. Burden***, 12 F.3d 190, 191 (1994).

With respect to his physical conditions, Plaintiff makes only the most general of allegations of denial of medical care. Even construing Plaintiff's complaint liberally, the Court finds that Plaintiff has not alleged facts sufficient to constitute deliberate indifference to physical medical needs. Moreover, Plaintiff does not allege any actions or omissions by the named Defendants. Plaintiff merely states that "medical staff under" Al Jones and Beth Fields were aware of his conditions but failed to provide proper treatment; he alleges no personal involvement of either Jones or Fields.[1] "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." ***Hartley v. Parnell***, 193 F.3d 1263, 1269 (11th Cir.1999) (quotation marks omitted). A supervisor may be liable only if he: "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." ***Gross v. White***, 2009 WL 2074234 at *2 (11th Cir. July 17,

---

[1] Plaintiff makes reference to an apparent attack by another inmate, but he appears to have received care for his resulting injuries. He states that Fields, along with two other VSP officials, wrote up the incident, but he provides no facts suggesting that she denied him treatment.

2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)). Plaintiff has not alleged any of the above prerequisites for supervisory liability.

Because Plaintiff makes no further allegations against Defendants Al Jones and Beth Fields, it is **RECOMMENDED** that these two individuals be **DISMISSED WITHOUT PREJUDICE**.[2]

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

With respect to his mental health conditions, Plaintiff complains that Unit Manager Lesa Shoe and Dr. Cruz repeatedly denied medications that would control these conditions. According to Plaintiff, he has been placed on suicide watch. He further states that Dr. Cruz told Plaintiff to put his head in the toilet and flush it. Construing Plaintiff's complaint liberally in favor of Plaintiff, as this Court is required to do at this early stage of the proceeding, the Court finds that Plaintiff has alleged a colorable claim against Lesa Shoe and Dr. Cruz. Thus, the Court will allow the complaint to proceed against these Defendants.

In light of the foregoing, it is hereby **ORDERED** that service be made on Defendants Unit Manager Lesa Shoe and Dr. Cruz, and that they file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule

---

[2] Dismissal without prejudice is appropriate when a more carefully drafted *pro se* complaint might state a claim. ***Duff v. Steub***, 378 F. App'x 868, 872 (11th Cir. Apr. 29, 2010).

4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e.,

by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the

following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED AND RECOMMENDED**, this 1st day of August, 2011.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

cr