IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LARRY D. WRIGHT, JR., | : |
| Plaintiff, | : |
| VS. | : |
| | :    **7 : 11-CV-74 (HL)** |
| LESA SHOE, *et al.*, | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are a Motion to Dismiss filed by Defendants Shoe and Crews (Doc. 28), as well as several motions filed by the Plaintiff (Docs. 39, 40, 42, 44). The Plaintiff filed this action on June 1, 2011, and filed a re-cast Complaint on June 17, 2011, raising allegations of deliberate indifference to his serious medical needs while confined at Valdosta State Prison. (Docs. 1, 5). Plaintiff alleges that Defendants failed to provide sufficient medical care for his health conditions, specifically that Defendants Shoe and Crews denied Plaintiff medication and proper treatment for his mental conditions. (Doc. 5).

### *Motion to Dismiss*

Defendants Shoe and Crews have filed a Motion to Dismiss, alleging that Plaintiff has failed to state a claim under 42 U.S.C. § 1983. (Doc. 28). A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

To survive a motion to dismiss, a complaint must contain sufficient

> factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556, 570).

A review of the factual allegations in the Plaintiff's Complaint reveals that the Plaintiff has failed to state a claim for relief against the Defendants that is "plausible on its face." It is well settled that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828-829 (1994). To establish a claim of deliberate indifference, Plaintiff must produce "sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). "[A]n objectively serious medical need [is one that] if left unattended, poses a substantial risk of serious harm." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). "Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference." *Woody v. Cronic*, 401 Fed.Appx. 509, 512 (11th Cir. 2010).

The Plaintiff maintains that he suffers from mental health conditions in the form of depression, anxiety, hearing voices, and suicidal ideations. In his allegations against the Defendants, Plaintiff asserts that Defendant Crews suggested that Plaintiff "put [his] head in toilet [sic] and flush it until [he] drown [sic]; if [he] really want [sic] to die" and to "stop playing games with it". (Doc. 5, p. 7). Plaintiff maintains that Defendant Shoe, as a mental health unit manager,

2

denied Plaintiff effective medication to treat his mental illnesses. *Id.* at p. 8. Plaintiff further alleges that the Defendants retaliated against the Plaintiff as the result of grievances filed against them, and delayed further treatment as a result thereof. *Id.* at p. 9.

Plaintiff's allegations do not state a plausible claim for relief based on the Defendants' deliberate indifference to serious medical needs. Plaintiff does not allege that the Defendants knew he needed a certain medication for his mental conditions, yet withheld it. Plaintiff merely alleges that he suffers from mental conditions and Defendants did not prescribe medication sufficient to resolve the conditions. Thus, Plaintiff's allegations amount only to a claim regarding disagreement over proper medical treatment, which does not give rise to a constitutional claim. *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991). Moreover, Plaintiff has not set forth any allegation of actual physical injury or more than *de minimis* damage as a result of the alleged inaction of the Defendants, as required by the PLRA to recover for a mental injury. 42 U.S.C. § 1997e(e). In regard to Plaintiff's allegation that Defendant Crews told Plaintiff to flush his head in the toilet, verbal threats or insults will not support a claim for relief under § 1983. *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989); *Willis v. O'Berry*, 2010 WL 4273334 at *2 (S.D.Ga. 2010); *Stacey v. Ford*, 554 F. Supp. 8, 9 (N.D.Ga. 1982).

In regard to Plaintiff's allegations of retaliation, "[t]he First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). In order to state a claim for retaliation, the Plaintiff "must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." *Bennett v.*

3

*Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005).  The prisoner "must show that, as a subjective matter, a motivation for the defendant's adverse action was the prisoner's grievance or lawsuit." *Jemison v. Wise*, 386 Fed.Appx. 961, 965 (11th Cir. 2010).

Plaintiff's Complaint does not set forth a plausible claim of retaliation against the Defendants herein.  "A prisoner's 'complaint must contain enough facts to state a claim of retaliation by prison officials that is plausible on its face.'" *Smith v. Sec'y., Florida Dep't. of Corrections*, 358 Fed.Appx. 60, 63 (11th Cir. 2009) (quoting *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008)).  Plaintiff claims only that the Defendants did not properly treat his medical condition, and states that he believes the alleged mistreatment became at some point a form of retaliation for his grievances and complaints against the Defendants.  (Doc. 5, p. 9).  However, "[t]he relevant showing . . . must be more than the prisoner's personal belief that he is the victim of retaliation". *Hempstead v. Carter*, 2006 WL 2092383 (N.D.Fla.) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)).  Herein, the Plaintiff alleges that the Defendants did not provide him with proper treatment, and then speculates that this alleged failure resulted from retaliation after Plaintiff filed grievances.  Such conclusory allegations do not establish a claim for retaliation that is plausible on its face. *Twombly*, 550 U.S. at 555 (plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

*Miscellaneous motions*

Plaintiff's Motion for Leave to File Sur-reply motion (Doc. 39), Motion for Review of the case (Doc. 42), and Motion to Communicate with Judges (Doc. 44) are **DENIED** as moot.  In a Motion for Leave to File an Amended Complaint (Doc. 40) filed on December 1, 2011, the

4

Plaintiff seeks leave to amend to add Lt. Walker as a Defendant herein, allegedly substituting Walker for an earlier-named "John Doe" defendant.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) **Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under rule 12(b), (e), or (f), whichever is earlier.
>
> (2) **Other Amendments.** In all other cases (other than an amendment of right), a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff's motion seeking leave to amend was filed approximately two (2) months after the filing of Defendants' Motion to Dismiss, and almost six (6) months after the filing of his re-cast Complaint. (Doc. 40). Thus, Plaintiff may not amend his Complaint as of right, but seeks to add to his Complaint by leave of court.

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic. *Nat'l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982). Although the decision to grant or deny a motion to amend a complaint is within the discretion of the court, "a justifying reason must be apparent for denial of a motion to amend." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court notes that a review of the Plaintiff's Complaint does not reveal any designation of "John Doe" defendants, or any defendants other than those specifically named by the Plaintiff. (Doc. 5). The Court finds that Plaintiff proceeded with undue delay in seeking to add Lt. Walker as a defendant, and that allowing the amendment to add Lt. Walker as a defendant at this point in the proceedings would prove futile. *Keith v. Stewart*, 2006 WL 2298004 (N.D.Ga.) (leave to amend a complaint to add defendant on deliberate indifference claims denied as futile where motion to amend was filed after defendant filed a summary judgment motion and the court had already found that the named defendants were entitled to entry of summary judgment on deliberate indifference claims). The Plaintiff waited almost six (6) months after filing a re-cast Complaint and two (2) months after the Defendants filed a dispositive motion to seek leave to amend. Moreover, the undersigned has issued a recommendation herein that the Defendants' Motion to Dismiss be granted, based on a finding that Plaintiff failed to state a plausible claim for relief against them. It is unlikely that Plaintiff's proposed claims of deliberate indifference against Lt. Walker would survive a similar dispositive motion. *See Martinec v. Party Line Cruise Co*, 2007 WL 3197610 (S.D.Fla.) (leave to amend denied where amended complaint found to contain inadequate allegations to survive a motion to dismiss). Accordingly, Plaintiff's Motion for Leave to Amend (Doc. 40) is hereby **DENIED**.

*Conclusion*

Accordingly, it is the recommendation of the undersigned that Defendants Shoe and Crews' Motion to Dismiss (Doc. 28) be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of

6

this Recommendation.

**SO ORDERED AND RECOMMENDED**, this 1st day of May, 2012.

                                                s/  *THOMAS Q. LANGSTAFF*

                                                **UNITED STATES MAGISTRATE JUDGE**

asb